### OVID CARRIAGE CO. *v.* PARSILLE.

1. SALES—ASSIGNMENTS FOR THE BENEFIT OF CREDITORS.
    A shipment of goods on credit having been refused to the Chippewa Produce & Supply Co., one of the officers of the company directed that the goods be sent to himself and another, who had never authorized the transaction; on arrival the merchandise was turned over to the company, which subsequently made an assignment for the benefit of its creditors and petitioner claimed the consignment. *Held*, that the title did not pass because the unauthorized order operated as a fraud.

2. SAME—CONSIGNMENT—RESERVATION OF TITLE.
    Although the intention may have been to ship the goods on the rejected order, a reservation of title therein was sufficient as against the assignee.

Case made from Chippewa; Steere, J. Submitted May 3, 1909. (Docket No. 128.) Decided July 6, 1909.

Petition by the Ovid Carriage Company against William K. Parsille, assignee of the Chippewa Produce & Supply Company, to be declared the owner of certain

goods. From a decree for petitioner, respondent appeals. Affirmed.

*E. S. B. Sutton*, for petitioner.

*Davidson & Hudson*, for respondent.

MONTGOMERY, J. The respondent is the assignee of the Chippewa Produce & Supply Company under a common-law assignment, and is administering the trust under the direction of the circuit court for the county of Chippewa, in chancery. The petitioner intervenes, and asks to be declared the owner of certain carriages in the possession of the Chippewa Produce & Supply Company at the time of the assignment. The relief prayed for was granted by the circuit court, and from this order the respondent appeals.

The facts in the case are that on the 9th of March, 1906, a written order was given by the Chippewa Produce & Supply Company for the buggies in question. This order reserved title in all the goods to be shipped in the Ovid Carriage Company until they should be paid for in cash. It appears that, when this order was first tendered to the carriage company, it was refused. But the agent of the carriage company, a Mr. Boughey, being anxious to effect a sale, called upon Charles A. Nelson, the secretary of the Chippewa Produce & Supply Company, and after a conversation with him the goods were shipped. The petitioner asserts that these goods were shipped under the first order, but the respondent contends that, the first order having been refused, it cannot be revived to measure the rights of the parties.

The conversation with Nelson, as testified to by Boughey, was, in substance, as follows: It appears that one Henry H. Wyatt, an entirely responsible person, was to some extent interested in the Chippewa Produce & Supply Company. Mr. Boughey testified that he met Mr. Nelson at Northport, and the latter wanted to know whether the

company was going to accept the Chippewa Produce & Supply Company's order. He replied that it was not.

"Well, then, he said for me to go to work and write the order, and if they would ship the goods to Wyatt & Nelson, that they would look after the payment of the same, and I asked him if he had any such authority from Mr. Wyatt, and he said, 'I have given you the order for buggies and have signed Wyatt & Nelson's name to it, which ought to be evidence,' so I took it that way, and wrote the company to that effect."

He further testified:

"*Q.* Well, you gathered that there had been an understanding with Wyatt regarding the Ovid deal?

"*A.* Yes, sir; I supposed there had been when the other three orders were signed that way. That is what Nelson was down there for as much as anything.

"*Q.* When you asked him whether or not he had this authority, he just simply said, 'I am signing his name, ain't I?'

"*A.* That is the only answer he made.

"*Q.* And you let it go at that?

"*A.* Yes; I let it go at that."

It is not claimed that Mr. Wyatt had in fact given authority to Mr. Nelson to make this purchase in the name of Wyatt & Nelson. The respondent testifies that the goods still on hand are worth $650; that he does not know of any transfer from Mr. Wyatt or Mr. Nelson, or both of them, to the Chippewa Produce & Supply Company; that he found the goods there when he took possession, and included them in the inventory. The goods were in fact shipped either to Wyatt & Nelson, or to Nelson, just which is not made very clear, were placed in the stock of the Chippewa Produce & Supply Company, and to the amount of $650 were on hand at the time the assignment was made.

It seems to be the theory of the defendant that in some way the title to this property vested in Nelson, and that he turned it over to the Chippewa Produce & Supply Company, and that therefore the provision contained in

the original order reserving title in the petitioner is not operative. We are unable to find in the record any evidence whatever of a sale to Nelson of these goods. If the credit was extended to anyone other than the Chippewa Produce & Supply Company, it was extended to Wyatt & Nelson, and this upon the supposition that Nelson had authority to bind Mr. Wyatt in the transaction, which turns out not to have been a fact. Possession thus obtained would be obtained by virtue of legal fraud, and the title would not have passed to the consignee. If, on the other hand, the goods were shipped under the first order, the order itself contained a sufficient reservation of title. So that, in either case, it is evident that there came into possession of this assignee property to the value of $650 or thereabouts, title to which was originally in the petitioners, and which had never passed from them.

The order awarding this sum to the petitioners, to be paid out of the funds of the estate, is affirmed, with costs.

BLAIR, C. J., and HOOKER, McALVAY, and BROOKE, JJ., concurred.